UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS STALZER,

        Plaintiff,        Case No. 1:07-cv-686

v.        HON. JANET T. NEFF

STEVE HUNT, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Gomery, Clanton and Myers. The Court will serve the complaint against Defendant Hunt.

**Discussion**

    I.    Factual Allegations

Plaintiff is incarcerated in FCI Elkton pursuant to a criminal conviction in this Court, but the events giving rise to the complaint occurred while he was in the custody of the Michigan Department of Corrections (MDOC). In his *pro se* complaint, Plaintiff sues Parole Agent Carla Clanton, Parole Agent Supervisor Shannon Myers, Grand Rapids Correctional Center (GRCC) Director Glenn Gomery, GRCC Corrections Officer Steve Hunt, and John Doe "Sergeant on second shift."

Plaintiff's allegations are vague and difficult to follow, but he alleges that he has had seven heart attacks and has three shunts in his heart. Plaintiff was in the custody of the MDOC pursuant to a conviction in the Ottawa County Circuit Court for uttering and publishing. Plaintiff was released on parole, but was in and out of the GRCC for violating his parole. GRCC is an MDOC residential community placement facility. Plaintiff alleges that everyone at GRCC and Defendants Clanton and Meyers were aware of his heart problems. While Plaintiff was at GRCC in December 2004, he went to the emergency room three times for chest pains. He claims that he was sent to Pontiac for substance abuse treatment, but was terminated from the program within two weeks due to his heart problems. It appears that Plaintiff was subsequently released back on parole.

Plaintiff's complaint appears to focus on an incident that occurred in May 2005. Plaintiff was arrested for driving on a suspended license and spent five days in the county jail. While he was at the jail, he received his medication and was permitted to possess nitroglycerine pills. When he was released from jail, he was returned to the GRCC. A couple of hours after he arrived at the center, he began to experience chest pains. Plaintiff did not have his medication or

nitroglycerine pills.  Plaintiff reported his pain to Defendant Hunt, who told Plaintiff to go back to his cell and come back later if he did not feel better.  Plaintiff went back to Hunt a second time and told him that he did not have his nitroglycerine pills.  Hunt took a bottle out of his pocket and said "I have mine," and sent Plaintiff back to his cell.  Plaintiff came out a third time complaining of chest pains, but Hunt refused to call an ambulance.  Plaintiff alleges that "I went back and fell out dead on the floor [,] EMS came and shocked me 6 times and took me to the hospital and the end result was 2 1/2 weeks in a coma and another shunt in my heart."

For relief, Plaintiff seeks compensatory damages of $85,000, as well as punitive damages.

II.     Merits

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate the Eighth Amendment.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care

to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

For purposes of this opinion, the Court finds that Plaintiff satisfies the objective component of the deliberate indifference standard. When Plaintiff experienced chest pains, his need for medical care should have been obvious to a lay person. That is particularly true in this case where Plaintiff alleges to have a well-known history of heart problems. With regard to the subjective component, Plaintiff's allegations are sufficient to state a claim only with regard to Defendant Hunt. While Plaintiff alleges that Defendants Clanton and Myers were aware of his heart condition, he does not allege that they were involved in denying him medical treatment at any time, including the May 2005 incident. Plaintiff does not allege that he reported his chest pains to anyone other than Officer Hunt. Plaintiff, therefore, cannot show that Defendants Clanton and Meyers were deliberately indifferent to his serious medical needs.

Plaintiff does not make any factual allegations whatsoever against Defendant Gomery or the "John Doe" Sergeant on second shift. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). To the extent Plaintiff sues Defendant Gomery or John Doe by virtue of their supervisory positions at GRCC, liability under § 1983 cannot be premised upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*,

102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)).  Accordingly, Plaintiff fails to state a claim against Defendants Gomery and John Doe.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Gomery, Clanton, Myers and John Doe will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Hunt.

An Order consistent with this Opinion will be entered.


Dated:  October 15, 2007                                         /s/ Janet T. Neff
                                                                 Hon. Janet T. Neff
                                                                 United States District Judge